IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2006 AUG 30 AM 11:34
CLERK_____
SO. DIST. OF GA.

| | |
|---|---|
| FRED SCHNEIDER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 305-158 |
| | ) |
| JOHN D. FERGUSON et al., | ) |
| | ) |
| Defendants. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding pro se in this Title 42, United States Code, Section 1983 action, has filed a motion for a preliminary injunction. Defendants submitted a memorandum in opposition to the motion, and plaintiff subsequently replied to defendants' response. For the reasons that follow, the Court recommends that plaintiff's motion for a preliminary injunction, Doc. 42, be **DENIED**.

## I. BACKGROUND

Plaintiff filed this action on November 18, 2005, alleging violations of his constitutional right to free practice of religion. Doc. 1. After screening the complaint pursuant to Title 28, United States Code, Section 1915A, the Court ordered service of process on defendants. Doc. 7. In lieu of answering the complaint, defendants filed motions to dismiss on March 22, 2006, and March 23, 2006. Docs. 14, 17. On May 12, 2006, the

District Judge granted in part and denied in part the motions to dismiss, allowing plaintiff's plea for injunctive relief to proceed in this case. Doc. 27. Defendants answered the complaint on May 30, 2006. Doc. 32.

Plaintiff subsequently filed a motion to amend his complaint, seeking to add a claim for compensatory damages. Doc. 38. The Court granted the motion, and plaintiff amended his complaint on August 7, 2006. Doc. 48.

Plaintiff filed the instant motion for a preliminary injunction on July 27, 2006. In the motion, plaintiff states that his security classification was increased from "medium" to "close," and he was subsequently transferred from Wheeler Correctional Facility ("Wheeler") to Calhoun State Prison ("Calhoun") on June 22, 2006. According to plaintiff, the increased security level and prison transfer were effected in retaliation for his pending litigation. Plaintiff seeks a return to Wheeler and a restoration of his security level to "medium."

Defendants respond that plaintiff's transfer occurred instead because of an incident involving plaintiff and another inmate. According to the other inmate, plaintiff approached him in an inappropriate manner and sexually assaulted him. The Georgia Department of Corrections ("DOC") investigated the sexual assault charges and, on the recommendation of a DOC contract monitor, transferred plaintiff from Wheeler to Calhoun in the interest of the safety of the other inmate. Plaintiff disputes the allegations brought against him.

## II. ANALYSIS

A party moving for injunctive relief must show the following: (1) a substantial likelihood that he will prevail on the merits; (2) a substantial threat that he will suffer

irreparable injury if the injunction is not granted; (3) the threatened injury to him outweighs the threatened harm an injunction may cause the opponent; and (4) granting the preliminary injunction will not disserve the public interest. McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998) (citing All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc., 887 F.2d 1535, 1537 (11th Cir. 1989)). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites." All Care Nursing Serv., Inc., 887 F.2d at 1537.

In this case, it does not appear likely that plaintiff would prevail on the merits of the allegations raised in his motion for injunctive relief.[1] Generally, a prisoner does not possess a constitutional right to be placed, or not to be placed, in a particular prison facility. McKune v. Lile, 536 U.S. 24, 39 (2002); Meachum v. Fano, 427 U.S. 215, 225 (1976). A prisoner, however, may state a cognizable Section 1983 claim by alleging that the actions of prison officials "that might not otherwise be offensive to the Constitution" may be brought "within the scope of the Constitution by alleging that the actions were taken in retaliation for filing lawsuits and administrative grievances." Wright v. Newsome, 795 F.2d 964, 968 (11th Cir. 1986). In Bennett v. Hendrix, 423 F.3d 1247 (11th Cir. 2005), petition for cert. filed, 74 USLW 3452 (Feb. 6, 2006) (No. 05-989), the Eleventh Circuit clarified the standard for asserting a cognizable retaliation claim: "A plaintiff suffers adverse action if the defendant's allegedly retaliatory conduct would likely deter a person of ordinary firmness from exercise

---

[1] The Court recognizes that plaintiff has not stated a claim for retaliation in his original Section 1983 complaint or his amended Section 1983 complaint. If the Court had recommended that the instant motion for injunctive relief be granted, it would also have granted plaintiff leave to amend his complaint to include the factual allegations raised in the motion. Accordingly, the Court will evaluate the motion as if the factual allegations were raised properly in plaintiff's Section 1983 complaint.

3

of First Amendment rights." Id. at 1254.

A Section 1983 plaintiff, however, cannot maintain a retaliation claim where "he was ultimately found guilty of the major misconduct charge giving rise to his retaliation claim." Wilson v. Phipps, 1998 WL 384560 (6th Cir. June 18, 1998) (unpublished opinion); Abate v. Lewis, 1996 WL 5830 (9th Cir. Jan. 8, 1996) (unpublished opinion); Orebaugh v. Caspari, 910 F.2d 526, 527-28 (8th Cir. 1990).

In this case, it does not appear that formal disciplinary charges have been filed against plaintiff. The Court nevertheless finds that plaintiff's allegations lack merit for a more fundamental reason. Defendants are employees of Wheeler, which is a private prison operated by the Correctional Corporation of America. Defendants have no authority to raise plaintiff's security level or to order that he be transferred to another prison. Defendants also have no authority to transfer plaintiff back to Wheeler. Such authority rests exclusively in the DOC. Kemp Aff., Doc. 50, ¶¶ 4, 6. No defendant remaining in this action is a DOC employee with authority to effect prison transfers. Thus, defendants are not in a position to give to plaintiff the injunctive relief that he seeks. The motion for a preliminary injunction accordingly should be denied.[2]

## III. CONCLUSION

For the foregoing reasons, the Court finds that defendants in this action are not the appropriate parties to effect the sort of injunctive relief sought by plaintiff. Accordingly, the

---

[2] The Court also notes that plaintiff does not complain of prison conditions at Calhoun, and accordingly it does not appear that plaintiff would suffer any irreparable injury if the injunctive relief sought is not granted.

4

motion for a preliminary injunction, Doc. 42, should be **DENIED**.

SO REPORTED AND RECOMMENDED this 30th day of August, 2006, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE